UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY BRYANT,

    Plaintiff,

vs.

MEADE & ASSOCIATES, INC.,
LAW OFFICES OF DONALD R.
CONRAD, PLC, DONALD R.
CONRAD, and LEGALCOLLECTIONS.COM
LLC,

    Defendants.
_____/

Case No. 15-10199

HON. AVERN COHN

**MEMORANDUM AND ORDER**
**DENYING DEFENDANTS' MOTIONS TO VACATE JUDGMENT (Docs. 36, 48, 63)**
**AND**
**GRANTING PLAINTIFF'S MOTION TO COMPEL IN AID OF JUDGMENT (Doc. 55)[1]**

I. Introduction

This is a case under the Fair Debt Collection Practices Act (FDCPA) and corresponding state debt collection statutes. Plaintiff Terry Bryant sued defendants Meade & Associates (Meade), the Law Offices of Donald R. Conrad, Donald R. Conrad, and LegalCollections.com, LLC. Bryant settled with Meade. (Doc. 5). The case then proceeded against the Law Offices of Donald R. Conrad, Donald R. Conrad, and Legalcollections.com (collectively, where appropriate, the Conrad defendants). Until recently, the Conrad defendants were all represented by Donald R. Conrad, a licensed attorney. Since the filing of the complaint, the Conrad defendants failed to meaningfully

---

[1] Upon review of the parties' papers, the Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

litigate this case or respond to this Court's orders. As such, the Court entered a default judgment against the Conrad defendants for failure to comply with discovery and Court orders relating to discovery. (Doc. 28). The Court later granted plaintiff's motion for damages in the amount of $101,000.00 against the Conrad defendants, jointly and severally. (Doc. 30). Now that a money judgment has been entered against them, the Conrad defendants have finally appeared in the case.

Before the Court are the following motions:[2]

- Legalcollections.com's motion to set aside default judgment (Doc. 36) and motion to vacate judgment (Doc. 48)[3]

- The Law Officers of Donald R. Conrad and Donald R. Conrad's motion to vacate judgment (Doc. 63)

- Plaintiff's motion to compel in aid of judgment (Doc. 55)

For the reasons that follow, defendants' motions to vacate are DENIED. Plaintiff's motion to compel is GRANTED.

## II. Background

Plaintiff filed her complaint against defendants on January 19, 2015. (Doc. 1) Plaintiff alleged that she had been the victim of identity theft: two transactions involving counterfeit checks allegedly resulted in unlawful collection attempts by defendants.

The Conrad defendants, through Donald R. Conrad, filed an Answer on March 27, 2015. (Doc. 4). After that, the Conrad defendants failed to participate in the case.

---

[2] Also before the Court is Legalcollection.com's "emergency ex parte motion to stay proceedings" pending resolution of its motion to vacate judgment. (Doc. 61). This motion is MOOT.

[3] Legalcollections.com is now represented by counsel other than Donald R. Conrad.

Specifically, the Conrad defendants:

- Did not produce deposition documents or object to their production.

- Did not file a response to plaintiff's motion to compel production of deposition documents (Doc. 17) even after the Court ordered a response be filed. See Doc. 18

- Did not appear for a telephonic conference scheduled by the Court for February 16, 2016. See Doc 20.

- Did not respond to plaintiff's interrogatories and requests for production of documents.

- Did not filed a response to plaintiff's motion to compel interrogatory and production responses. (Doc. 22)

- Did not appear for a motion hearing on plaintiff's two discovery motions.

- Did not produce Law Offices of Donald R. Conrad, managing agents, Frank Jiminez and Kimberly Delaney, for depositions scheduled March 14, 2016.

- Did not produce deposition documents, as ordered by the Court after the Conrad defendants did not appear at the hearing. (Doc. 24).

- Did not provide responses to plaintiff's requests for production of documents and interrogatories as ordered by the Court after the Conrad defendants did not appear at the hearing. (Doc. 25).

- Did not respond to the plaintiff's motion for Rule 37 sanctions

- Did not appear at the hearing on plaintiff's motion for sanctions.

Accordingly, on May 11, 2016, the Court entered an Order for default judgment against the Conrad defendants. (Doc. 28). The Conrad defendants took no immediate action. On June 8, 2016, plaintiff filed a motion for damages. (Doc. 29). The Conrad defendants did not respond. On July 12, 2016, the Court granted plaintiff's motion for damages. (Doc. 30). The Conrad defendants took no immediate action.

Now, months after the entry of the default judgment, the Conrad defendants have

filed motions to set aside the judgment.  (Docs. 36, 48, 63).

### III.  The Conrad Defendants' Motions to Vacate

#### A.  Legal Standard

Once a default ripens to a default judgment, the court may only set it aside where the moving party satisfies the requirements of rule 60(b).  <u>Dassault Systemes, SA v. Childress</u>, 663 F.3d 832, 839 (6th Cir. 2011); <u>O.J. Distrib., Inc. v. Hornell Brewing Co.</u>, 340 F.3d 345, 353 (6th Cir. 2003); <u>Waifersong, Ltd. v. Classic Music Vending</u>, 976 F.2d 290, 292 (6th Cir. 1992).

A Rule 60(b) motion is strictly reviewed and requires heightened specificity in the moving papers.  <u>Waifersong</u>, at 292.  Furthermore, where, as appears here, a defendant moves under 60(b)(6), it is well-established that relief is only warranted in the case of "exceptional or extraordinary circumstances."  <u>Fuller v. Quire</u>, 916 F.2d 358, 360 (6th Cir. 1990) (citing <u>Hopper v. Euclid Manor Nursing Home</u>, 867 F.2d 291, 294 (6th Cir. 1989));  Carter v Anderson, 585 F3d 1007, 1011 (6th Cir. 2009).  Not only must the circumstances be exceptional or extraordinary, but they must be circumstances that "are not addressed by the first five numbered clauses of the Rule."  <u>McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.</u>, 298 F.3d 586, 595 (6th Cir. 2002).  Relief is appropriate where Defendants have demonstrated circumstances that are so unusual or extreme that principles of equity mandate relief.  <u>Ford Motor Co. v. Mustangs Unlimited, Inc.</u>, 487 F.3d 465, 468 (6th Cir. 2007).

In addition to establishing extreme and unusual circumstances, and must also satisfy the equitable factors of Rule 55.  <u>United Coin Meter Co., Inc. v. Seaboard Coastline R.R.</u>, 705 F.2d 839 (6th Cir. 1983).  These factors are as follows:

    (1) whether the plaintiff will be prejudiced,

    (2) whether defendant has a meritorious defense; and

    (3) whether culpable conduct of defendant led to the default.

See United Coin Meter, 705 F.2d at 845.

Finally, a party seeking rule 60(b) relief must file within a reasonable amount of time from judgment. Fed. R. Civ. P. 60(c). It is within the Courts discretion to determine the timeliness or untimeliness. Id. In considering timeliness, the Court should evaluate the facts including the length and circumstances of the delay, any prejudice to the opposing party due to the delay, and the scenarios compelling equitable relief. Bridgeport Music, Inc. v. Smith, 714 F.3d 932, 942-943 (6th Cir. 2013)

### B. Discussion

The Conrad defendants have not satisfied the standard for relief. First, the motions are untimely. Legalcollections.com,'s initial motion was filed four months after entry of the default judgment. The Law Offices of Donald Conrad and Donald Conrad's motion was filed five months later. Neither filing was within a reasonable time.

Second, the motions fail on the merits. As explained in plaintiff's responses, plaintiff stated a viable claim under the FDCPA. While the Conrad defendants say they have meritorious defenses, they do not articulate any defenses with particularity. At best, the Conrad defendants say that plaintiff failed to substantiate the $25,000 in actual damages awarded. This argument lacks merit. Plaintiff's motion for damages pointed to ample precedent where courts within this jurisdiction have previously and regularly do award damages proportional to the damage award here. See Bootz v. K.I.P., LLC, et al., No. 15-cv-14196, 2016 WL 273309 (E.D. Mich. May 11, 2016) (Court entered a

judgment of $101,000 plus costs and attorney fees). See also, Green v. Nationwide Arbitration Services, LLC, No. 14-14280, 2015 WL 7717165 (E.D. Mich. Nov.30, 2015)(damage award of $105,000, plus interest, costs, and attorney fees. Zontini v. Merchants Recovery Services, No. 12-14912, 2013 WL 5640125 (E.D. Mich. Oct. 15, 2013) (damage award of $100,000, plus costs and attorney fees).

With respect to the argument that the treble damages are inequitable, Michigan law requires that the Court award damages not less than three times the amount of any actual damages if a violation is willful. See M.C.L. § 339.916; M.C.L. § 445.257. See Roberts v. Shermeta, Adams & Von Allmen, P.C., No. 1:13-cv-1241, 2015 WL 1401352, at *2 (W.D. Mich. Mar 26, 2015). The conduct alleged in the complaint, which went unchallenged by the Conrad defendants, met this standard.

Moreover, it was the Conrad defendants' own conduct-evidenced by an utter failure to participate in the litigation, including complying with Court orders which led to entry of the default judgment. The Conrad defendants appear to argue that Donald R. Conrad and Law Offices of Donald R. Conrad and Legalcollections.com, LLC are separate and therefore somehow not culpable for the failure of Donald R. Conrad to represent the Conrad defendants. This argument is unavailing. As explained in detail in plaintiff's responses, the Conrad defendants are intertwined and equally culpable. Donald R. Conrad has been the attorney of record throughout this litigation. The Conrad defendants have operated as a single entity based on the evidence, including the following:

- LegalCollections.com operates out of the same business address as Donald R Conrad and the Law Offices of Donald R Conrad PLC, occupying adjacent suits.

- Donald R. Conrad maintains a profile on Lawyer.com which lists the website of LegalCollections.com.

- The Law Offices of Donald R. Conrad PLC has a profile on the Michigan Top Lawyers website, with a link, "Firm's website,3" which routes to the LegalCollections.com website.

- Icon Merchant Services, Inc, a Michigan registered entity, also operates out of: "31077 Schoolcraft Rd Ste 220 Livonia MI 48150", the same suite as that of The Law Offices of Donald R Conrad.

- The Icon Merchant Services company website is "LegalCollections.com". on the Yellow Pages web page for Icon Merchant Svc Inc, "website" is hyperlinked, and routes users to the web page for LegalCollections.com.

- When consumers receive collection letters like the one plaintiff received, if they type "www.lcceasypay.com" into a web browser, consumers will be routed to the Legalcollections.com website.

These relationships establish that Donald R. Conrad and the other Conrad defendants operate a joint venture with jointly operated premises, mailing addresses, and web sites. This network of companies functions for all purposes as a joint venture belonging to Donald R. Conrad himself.

Finally, Donald R. Conrad suggests that plaintiff's intention to settle the case should excuse the judgment. Not so. While the parties may have discussed settlement, no settlement was reached. Intentions to settle is not a ground to vacate a judgment.

Overall, the Court is satisfied that the Conrad defendants have not met their heavy burden of setting aside a valid judgment.

## IV. Motion to Compel

### A. Background

Following entry of the judgment in favor of plaintiff and against the Conrad defendants in the amount of $101,000.00, plaintiff began collection efforts. To this end,

on August 16, 2016, Plaintiff issued post-judgment interrogatories to Defendants Donald R. Conrad; Law Offices of Donald R. Conrad PLC; and Legalcollections.com to the attention of Donald R. Conrad both via First Class Mail and via e-mail.  Donald R. Conrad did not respond or otherwise act.  On August 16, 2016, plaintiff also issued post-judgment requests for production of documents to all Defendants and sent the documents to Donald R. Conrad both via First Class Mail and by e-mail.  None of the Conrad defendants have responded to these discovery requests.

On October 5, 2016, plaintiff noticed the deposition of Legalcollections.com, LLC to its new counsel to be conducted at the offices of Lyngklip & Associates on October 13, 2016 at 2pm.  Counsel did not appear, cancel or otherwise respond in any manner.  On October 5, 2016, plaintiff noticed the depositions of The Law Offices of Donald R. Conrad, PLC and of Donald R. Conrad to Mr. Conrad to be conducted at the offices of Lyngklip & Associates on October 14, 2016 at 10am and 2pm, respectively. Donald R. Conrad did not appear, cancel or otherwise respond.  To date, neither Donald R. Conrad nor counsel for Legalcollections.com have made their clients available for the scheduled depositions nor have they communicated to plaintiffs counsel regarding rescheduling.[4]

B.  Legal Standard

"In the aid of judgment or execution, the judgment creditor...may obtain discovery from any person...as provided by these rules or by the procedure of the state where the Court is located." Fed. R. Civ. P. 69(a)(2).  Each defendant ,must respond to

---

[4] The Court notes that Donald R. Conrad and The Law Offices of Donald R. Conrad recently had new counsel enter an appearance on their behalf.  (Doc. 79).

the interrogatories and requests for production of documents within (30) days of service. None of the defendants have responded. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).

### C.  Discussion

The Conrad defendants have failed to comply with valid discovery requests and deposition requests.  Plaintiff is entitled to an order compelling compliance.  In response, the Conrad defendants contend that plaintiff did not seek concurrence before filing the motion as required under Rule 37(a)(1).  This argument does not carry the day. Plaintiff, following the Court's practice in discovery disputes, contacted the Court and arranged a phone conference.  A phone conference was held on October 13, 2016. Legalcollections.com appeared on the call through both Donald R. Conrad and its new counsel.  After hearing from the parties, the Court granted plaintiff permission to file a motion to compel.  The phone conference was the "meet and confer" opportunity contemplated under the rules.

Plaintiff shall submit a proposed order granting her the relief requested in the motion so she may obtain necessary information in aid of judgment.

SO ORDERED.

S/Avern Cohn<br>AVERN COHN<br>UNITED STATES DISTRICT JUDGE

Dated: December 9, 2016