UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY BRYANT,

    Plaintiff,

vs.

MEADE & ASSOCIATES, INC.,
LAW OFFICES OF DONALD R.
CONRAD, PLC, DONALD R.
CONRAD, and LEGALCOLLECTIONS.COM
LLC,

    Defendants.

Case No. 15-10199

HON. AVERN COHN

_____/

## ORDER DENYING LUAI AND ALICE HINNAWIS' MOTION FOR A PROTECTIVE ORDER (Doc. 99) AND DENYING ICON MERCHANT SERVICES, INC.'S MOTION FOR A PROTECTIVE ORDER (Doc. 100)[1]

### I. Introduction

This is a case under the Fair Debt Collection Practices Act (FDCPA) and corresponding state debt collection statutes. Plaintiff Terry Bryant sued defendants Meade & Associates (Meade), the Law Offices of Donald R. Conrad, Donald R. Conrad, and LegalCollections.com, LLC. Bryant settled with Meade. (Doc. 5). The case then proceeded against the Law Offices of Donald R. Conrad, Donald R. Conrad, and LegalCollections.com (collectively, where appropriate, the Conrad defendants). Eventually, the Court entered a default judgment against the Conrad defendants for failure to comply with discovery and Court orders relating to discovery. (Doc. 28). The

---

[1] Upon review of the parties' papers, the Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Court later granted plaintiff's motion for damages in the amount of $101,000.00 against the Conrad defendants, jointly and severally. (Doc. 30).

The Court also granted plaintiff's motion to compel in aid of judgment (Doc. 55) and entered an order compelling discovery from defendants in aid of execution on the judgment. (Doc. 95).

In attempting to collect on the judgment, plaintiff issued several subpoenas. Before the Court are motions for protective order filed by non-parties Luai and Alice Hinnawis (the Hinnawis') (Doc. 99) and ICON Merchant Services, Inc. (ICON) (Doc. 100) which apparently object to plaintiff's collection efforts. For the reasons that follow, the motions are DENIED.

## II.  Background

Plaintiff has served the following discovery in aid of judgment:

- Subpoena to Comerica Bank issued October 14, 2016

- Interrogatories and Requests to Produce to Comerica Bank (Donald R. Conrad) issued November 1, 2016

- Interrogatories and Requests to Produce to Comerica Bank (Law Office of Donald R. Conrad PLC) issued November 1, 2016

- Subpoena to Comerica Bank issued November 30, 2016 (based on subpoena and discovery responses to the above)

- Subpoena to Comerica Bank issued November 30, 2016 (based on subpoena and discovery responses to the above)

- Subpoena to Comerica Bank issued November 30, 2016 (based on subpoena and discovery responses to the above)

Plaintiff's has also engaged in the following collection activities in aid of judgment:

- Writ of Garnishment Law Offices of Donald R. Conrad - Legal Collections (Doc. 50)

2

- Writ of Garnishment Law Offices of Donald R. Conrad - Conrad (Periodic) (Doc. 51)

- Writ of Garnishment Law Offices of Donald R. Conrad - Conrad (Non-Periodic) (Doc. 52)

- Writ of Garnishment Comerica Bank - Law Office (Non-Periodic) (Doc. 56)

- Writ of Garnishment Comerica Bank - Conrad (Non-Periodic) (Doc. 57)

- Notice of Judgment Lien - Conrad (Doc. 83)

- Writ of Garnishment Madonna University - Conrad (Doc. 90)

- Writ of Garnishment ICON Merchant - Law Offices (Doc. 91)

- Writ of Garnishment Wells Fargo Bank - Law Offices (Periodic) (Doc. 96)

- Writ of Garnishment Wells Fargo Bank - Conrad (Periodic) (Doc. 97)

- Writ of Garnishment Wells Fargo Bank - Legal Collections (Periodic) (Doc. 98)

### III. Legal Standard

The scope of post-judgment discovery under Fed. R. Civ. P. 69 is broad. See United States v. Conces, 507 F.3d 1028, 1040 (6th Cir. 2007); Waldemar E. Albers Revocable Trust v. Mid-Am. Energy, Inc., Nos. 5:08-cv-274-KSF, 3:07-cv-21, 2008 WL 4544438, at *1 (E.D. Ky. Oct. 10, 2008) ("The scope of post-judgment discovery under the Federal Rules of Civil Procedure is very broad. . . . Thus, post-judgment discovery under Rule 69 is permissible from third parties in order to discover concealed or fraudulently transferred assets.")

"Courts . . .have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." Hendricks v. Total Quality Logistics, LLC, 275 F.R.D. 251 (S.D. Ohio 2011). See also Cleveland Clinic Health System-East

3

Region v. Innovative Placements, Inc., 2012 U.S. Dist. LEXIS 7275 (N.D. Ohio Jan. 23, 2012).

Rule 26 permits a party to seek a protective order covering materials requested in discovery.

> (c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

Fed. R. Civ. P. 26(c). Under this rule, the court may limit the scope or use of discovery within its sound discretion, however, that exercise of that discretion is limited by Rule 26 itself. Coleman v. American Red Cross, 979 F.2d 1135, 1138 (6th Cir. 1992).

## IV. Discussion

In both motions, which are virtually identical,[2] ICON and the Hinnawis' contend that a protective order is warranted because they say plaintiff is attempting to reach "personal financial information" that is "overbroad and constitutes an invasion of privacy." As noted above, plaintiff has issued several subpoena's and writs of garnishment but neither ICON nor the Hinnawis' point to any offending financial request.

As to ICON, plaintiff says that it learned the banking institution and account numbers of ICON Merchant Services, Inc. but has not sought out discovery on either

---

[2]The motions were filed by the same counsel as counsel for defendant LegalCollections.com.

4

account.  Thus, assuming that ICON Merchant Services objects to a subpoena for financial information, ICON's objection might be related to one of four subpoena's issued to Comerica Bank.  As plaintiff explains, however, each subpoena is expressly issued to discover information about defendants' holdings, not ICON's.

As to the Hinnawis', they have failed to point to any of plaintiff's request that is objectionable.  Moreover, as detailed in plaintiff's response, as least with respect to Luai Hinnawis, there appears to be a relationship between him and defendants.

In short, the motions must be denied because neither ICON nor the Hinnawis' have identified any discrete discovery request that they contend should be subject to a protective order.  They have also not demonstrated good cause to prevent the disclosures plaintiff seeks or shown any injury resulting from the financial disclosure.  In the absence of any specifically offensive discovery request or grounds, the Court cannot find good cause to justify entry of a protective order.

SO ORDERED.

_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 1-13-2017
Detroit, Michigan