UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY BRYANT,

    Plaintiff,

vs.                                                Case No. 15-10199

MEADE & ASSOCIATES, INC.,                  HON. AVERN COHN
LAW OFFICES OF DONALD R.
CONRAD, PLC, DONALD R.
CONRAD, and LEGALCOLLECTIONS.COM
LLC,

    Defendants.
_____/

### ORDER DENYING DEFENDANT LEGALCOLLECTIONS.COM'S AMENDED MOTION TO STAY PROCEEDINGS (Doc. 132)[1]

I. Introduction

This is a case under the Fair Debt Collection Practices Act (FDCPA) and corresponding state debt collection statutes.  Plaintiff Terry Bryant sued defendants Meade & Associates (Meade), the Law Offices of Donald R. Conrad, Donald R. Conrad, and LegalCollections.com, LLC.  Bryant settled with Meade.  (Doc. 5).  The case then proceeded against the Law Offices of Donald R. Conrad, Donald R. Conrad, and LegalCollections.com (collectively, where appropriate, the Conrad defendants).  Eventually, the Court entered a default judgment against the Conrad defendants for failure to comply with discovery and Court orders relating to discovery.  (Doc. 28).  The Court later granted plaintiff's motion for damages in the amount of $101,000.00 against

---

[1] Upon review of the parties' papers, the Court deems these matters appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

the Conrad defendants, jointly and severally.  (Doc. 30).  Plaintiff then began collection efforts which to date have been unsuccessful.

Before the Court is Legalcollection.com LLC's motion to stay all proceedings pending appeal (Doc. 132).  For the reasons that follow, the motion is DENIED.

## II.  Background

Plaintiff filed her complaint against defendants on January 19, 2015.  (Doc. 1) Plaintiff alleged that she had been the victim of identity theft: two transactions involving counterfeit checks allegedly resulted in unlawful collection attempts by defendants.

The Conrad defendants, through Donald R. Conrad, filed an Answer on March 27, 2015. (Doc. 4).  After that, the Conrad defendants failed to participate in the case.

Accordingly, on May 11, 2016, the Court entered an Order for default judgment against the Conrad defendants.  (Doc. 28).  The Conrad defendants took no immediate action.  On June 8, 2016, plaintiff filed a motion for damages.  (Doc. 29).  The Conrad defendants did not respond.  On July 12, 2016, the Court granted plaintiff's motion for damages.  (Doc. 30).  The Conrad defendants took no immediate action.

Then, months after the entry of the default judgment, the Conrad defendants filed motions to set aside the judgment.  (Docs. 36, 48, 63).  The Court denied the motions. (Doc. 94).  Defendants moved for reconsideration.  (Doc. 101).  The Court denied the motion.  (Doc. 114).

LegalCollections.com then filed a notice of appeal, seeking to appeal the order denying the motion to set aside and order denying reconsideration.  (Doc. 129).  The Law Offices of Donald Conrad and Donald Conrad filed a similar notice of appeal (Doc. 133).

III. Discussion

The filing of an appeal does not operate to stay enforcement. Rather, a party seeking to stay enforcement of a valid judgment must file a bond securing the amount of the underlying judgment. This stay bond – known as a supersedeas – is required under the language of Rule 62,[2] and the posting of the bond may only be waived under unusual, limited circumstances. As noted in Hamlin v. Charter Township of Flint, 181 F.R.D. 348, 351 (E.D. Mich. 1998):

> For the appellee, Rule 62(d) effectively deprives him of his right to enforce a valid judgment immediately. Consequently, the appellant is required to post the bond to provide both insurance and compensation to the appellee. The supersedeas bond protects the non-appealing party 'from a risk of later uncollectible judgment' and also 'provides compensation for those injuries which can be said to be the natural and proximate cause of the stay .... **Therefore, Rule 62(d) establishes not only the appellant's right to a stay, but also the appellee's right to have a bond posted**.

Id. (citations omitted, emphasis added).

Here, Legalcollection.com asks for a stay pending appeal without having to post a bond. In Hamlin, the court noted that "[b]ecause of Rule 62(d)' s dual protective role, a full supersedeas bond should almost always be required." Id. Furthermore, "only in 'extraordinary circumstances' should anything less be required." Id. See also, EB–Bran Prods., Inc. v. Warner Elektra Atlantic, Inc., 2006 WL 1851010 at *2 (E.D.Mich.2006). There should be no waiver or modification of the bond requirement unless, for example,

---

[2]Rule 62(d) provides:
(d) Stay with Bond on Appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

3

"the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money," or "the requirement would put the defendant's other creditors in undue jeopardy"; and even in these events, the appellant must "present 'a financially secure plan for maintaining that same degree of solvency during the period of an appeal.'" Hamlin, 181 F.R.D. at 353 (citation omitted).

Legalcollections.com argues that the four-factor test in Adams Cnty./Ohio Valley School Bd., 310 F.3d 927, 928 (6th Cir. 2002) entitles them to a waiver of the bond requirement. It is mistaken. The test in Adams applies to stays of injunctive relief under Rule 62(c), not stays of monetary judgments under Rule 62(d). See Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir.1991).

Here, Legalcollections.com has not satisfied the burden of demonstrating "extraordinary circumstances" that might override the requirement of posting a full supersedeas bond. To the contrary, given the history of this case and Legalcollection.com's mighty post-judgment efforts to avoid collection lead to the conclusion that it is using all its resources to avoid this judgment. This is exactly the type of injury against which a supersedeas bond is designed to protect—the possibility that a judgment may later be uncollectible.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: February 2, 2017
Detroit, Michigan

4