UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY BRYANT,

    Plaintiff,

vs.                                        Case No. 15-10199

MEADE & ASSOCIATES, INC.,             HON. AVERN COHN
LAW OFFICES OF DONALD R.
CONRAD, PLC, DONALD R.
CONRAD, and LEGALCOLLECTIONS.COM
LLC,

    Defendants.
_____/

**MEMORANDUM AND ORDER**
**OVERRULING LEGALCOLLECTION.COM'S OBJECTION TO GARNISHMENT**
**(Doc. 166)**
**AND**
**GRANTING PLAINTIFF'S MOTION TO OVERRULE OBJECTIONS AND TO DISBURSE GARNISHED FUNDS (Doc. 215)**

I. Introduction

This is a case under the Fair Debt Collection Practices Act and corresponding state debt collection statutes. Plaintiff Terry Bryant sued defendants Meade & Associates (Meade), the Law Offices of Donald R. Conrad, PLC, Donald R. Conrad, and LegalCollections.com, LLC. Bryant settled with Meade. (Doc. 5). The case then proceeded against the Law Offices of Donald R. Conrad, PLC, Donald R. Conrad, and LegalCollections.com (collectively, where appropriate, the Conrad defendants).

Eventually, the Court entered a default judgment against the Conrad defendants for failure to comply with discovery and Court orders relating to discovery. (Doc. 28). The Court later granted plaintiff's motion for damages in the amount of $101,000.00 against the Conrad

defendants, jointly and severally. (Doc. 30).[1] Plaintiff then began collection efforts which have included issuing and serving writs of garnishment. Before the Court is LegalCollection.com's objection to a writ of garnishment issued by the Clerk and served on Wells Fargo Bank (Doc. 166) and plaintiff's motion to overrule the objections and disburse the garnished funds. For the reasons that follow, LegalCollection.com's objection will be overruled and plaintiff's motion will be granted.

## II. Background

On January 7, 2017, a Writ of Garnishment was issued by the Clerk; plaintiff served that Writ on Wells Fargo Bank. (Doc.139.)

Wells Fargo Bank answered the Writ of Garnishment and stated that it held funds of the judgment debtor as follows: $11,029.51 (Doc. 165.)

On February 14, 2017, LegalCollections.com filed an objection to garnishment, asserting that these funds are "earmarked for its clients" and therefore should not be released.

## III. Analysis

As an initial matter, LegalCollections.com did not provide any authority for its position that because funds are "earmarked for clients" they are exempt from garnishment. Further, no client or other third party has intervened to claim any funds.

Be that as it may, Under Fed. Civ. P. Rule 64, "every remedy is available that under the law of the state where the Court is located, provides for seizing...property to secure

---

[1] LegalCollections.com has appealed the Court's order denying the request to set aside the default judgment. The appeal is pending. See Bryant v. LegalCollections.com, No. 17-1095 (6th Cir.). According to the Sixth Circuit's docket sheet, a telephone mediation was scheduled for March 3, 2017. Notably, the Court has not stayed collection proceedings pending appeal.

satisfaction of the potential judgment." Fed. Civ. P. Rule 64(a). Michigan garnishment law is governed by the Michigan Court Rules. M.C.R. 3.101. Garnishment mechanism allows judgment creditors the right to collect on the judgment. When seeking a garnishment, a plaintiff as the judgment creditor files a request and writ for garnishment with the Court Clerk. The Clerk issues a writ of garnishment if the writ appears to be correct and complies with the Michigan Court Rules and Michigan statutes. M.C.R. 3.101(D). Once issued, plaintiff then serves the writ on the garnishee, who then must provide a copy to the defendant as the judgment debtor. M.C.R. 3.101(F). This allows a defendants an opportunity to object based on defects, such as improper issue or validity. M.C.R. 3.101(K)(2)(f).

M.C.R. 3.101(K) covers objections to garnishment and provides that objections must be based on one or more of the following: (a) your income is exempt from garnishment by law, (b) you have a pending bankruptcy proceeding, (c) the maximum withheld exceeds the amount allowed by law, (d) you have paid the judgment in full, (e) the garnishment was not properly issued or is otherwise invalid. The rule goes on to state that objections to garnishment "may only be based on defects in or the invalidity of the garnishment proceeding itself, and may not be used to challenge the validity of the underlying judgment." A judgment debtor that claims exemption from a writ of garnishment bears the burden of proving that they are entitled to that exemption. United States v. Sawaf, 74 F.3d 119, 122 (6th Cir. 1996).

As noted above, LegalCollections.com objects to the garnishment on grounds that the funds garnished are "earmarked for clients." Assuming that LegalCollections.com is proceeding under (a), "client funds" is not among the examples for exempt income.[2]

---

[2]Examples listed on the writ are: Individual Retirement Account, Social Security Benefits, Supplemental Security Income Benefits, Aid to Families with Dependent Children, General Assistance Benefits, Unemployment Compensation Benefits, Veterans Assistance Benefits, Workers' Compensation Benefits, The first $500.00 on deposit in a savings and loan account, Cash value or proceeds of life insurance or annuity, payable to the spouse or

Even if LegalCollection.com's objection was recognized under the law, it does not provide any proof or support of their position. If the funds are earmarked client monies, presumably it can produce a client ledger, statement of account, agreement, affidavit of third parties with an interest in these funds or some other financial records to support its position. While LegalCollections.com says that it there would be irreparable harm and the public interest requires that funds belonging to non-parties not be released, it offers no accounting to support its position. In the absence of evidence that some or all of the funds held by Wells Fargo do not belong to LegalCollections.com, the Court cannot stop disbursement.

IV.   Conclusion

For the reasons stated above, LegalCollection.com's objection to the garnishment is OVERRULED. Plaintiff's motion is GRANTED. Plaintiff's shall provide a proposed order directing Wells Fargo to disburse the funds.[3]

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2017
        Detroit, Michigan

---

children of the insured, Income benefits under the Michigan Civil Service Act, Income benefits under the Michigan Retirement Act, and U.S. Civil Service Retirement Benefits.

[3]Although plaintiff's motion suggests that a proposed order was attached to the motion, no proposed order was attached or otherwise submitted to the Court.